UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTINE JAMES SCHNEIDER,<br><br>Defendant. | 1:23-CR-10027-CBK<br><br>ORDER DENYING MOTION TO DISMISS COUNT II |

Defendant is charged with, *inter alia*, possession of a firearm by a prohibited person, a felon, in violation of 18 .S.C. § 922(g)(1). Defendant moved to dismiss this charge, claiming that § 922(g)(1) violates the Second Amendment of the United States Constitution. He contends that, under the United States Supreme Court's decision in New York State Rifle & Pistol Association, Inc. v. Bruen, 597 U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022) ("Bruen"), his Second Amendment right to "keep and bear arms" is presumptively protected and cannot be regulated or infringed unless the prohibition falls within the plain text of the Second Amendment or is consistent with the history of firearms regulation as it existed at the time of the adoption of the Second Amendment.

The United States Court of Appeals for the Eighth Circuit considered the constitutionality of 18 U.S.C. § 922(g)(1) in light of Bruen in United States v. Jackson, 69 F.4th 495, 501 (8th Cir. 2023), and held that §922(g)(1) is not unconstitutional as applied to a defendant with felony conviction. The Eighth Circuit conducted an historical inquiry and concluded that restrictions on the right to bear arms existed in England and in colonial America at least 100 years prior to the adoption of the Second Amendment. Jackson, 69 F.th at 502-503. In keeping with the United States Supreme Court's holding in Bruen, that the Second Amendment protects the right of a "law-abiding citizen" to keep and bear arms, 597 U.S. at 9, 142 S. Ct. at 2122, the Eighth Circuit concluded in Jackson that "the history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society."

United States v. Jackson, 69 F.4th at 504. "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." United States v. Jackson, 69 F.4th at 505.

  Defendant criticizes the Eighth Circuit's historical analysis in Jackson, contending that the panel's rationale is invalid. He contends that this Court should conduct and "as applied" analysis after an evidentiary hearing and that, after doing so, it will be evident that § 922(g)(1) is unconstitutional as applied to him because he had a right and a legitimate need to possess a firearm for self-defense. Defendant does not have a Second Amendment right to bear arms because he is not a "law-abiding citizen." I take judicial notice of the files of the South Dakota Unified Judicial System located in the ecourts portal, https://ecourts.sd.gov. I have verified that the defendant's date of birth is identical in the federal and state court databases.

  Defendant was convicted of ingestion of methamphetamine and sentenced on April 15, 2019, to five years imprisonment in the Fifth Judicial Circuit, Corson County, South Dakota, 15CRI18-000034. Defendant was convicted of felony driving under the influence and was sentenced on April 15, 2019, to two years imprisonment in the Fifth Judicial Circuit, Corson County, South Dakota, 15CRI17-000036. In that same case, defendant was convicted of assault against a law enforcement officer and was sentenced to two years imprisonment. Defendant was convicted of possession of methamphetamine and was sentenced on February 18, 2014, to three years imprisonment in the Fifth Judicial Circuit, Corson County, South Dakota, 15CRI13-000035. Defendant was convicted of felony driving under the influence and was sentenced on June 24, 2008, to two years imprisonment in the First Judicial Circuit, Davison County, South Dakota, 17C08000114A0. Defendant was convicted of aggravated assault and was sentenced on November 1, 2004, to two years imprisonment in the First Judicial Circuit, Davison County, South Dakota, 15C04000015A0. Although a certificate of discharge was filed by the South Dakota Department of Corrections as to three earliest convictions detailed above, that discharge was subject to the state law proscription from possessing firearms.

If the determination of the constitutionality of the federal felon in possession of a firearm statute requires an individualized determination as applied to this defendant, I find that he is not a law-abiding citizen entitled to possess a firearm. I do so based upon the criminal records detailed above. No evidentiary hearing is required to make such a finding in this case.

I am required to apply Supreme Court and Eighth Circuit precedent and I have done so. I find that 18 U.S.C. § 922(g)(1), prohibiting a person previously convicted of a felony from possessing a firearm, is not unconstitutional.

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 32, to dismiss Count II of the indictment is denied.

DATED this 8th day of May, 2024.

BY THE COURT:

*[Signature]*
CHARLES B. KORNMANN
United States District Judge