UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JUSTINE JAMES SCHNEIDER,<br><br>Defendant. | 1:23-CR-10027-CBK<br><br>MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS COUNT III |

Defendant is charged with resisting or impeding a federal officer (Count I) and possession of a firearm by a prohibited person, a felon (Count II). The indictment also charges that the defendant committed the two offenses while on release pending a judicial proceeding which in this case, pursuant to 18 U.S.C. § 3147(a), subjects him to an additional penalty of up to ten years imprisonment (Count III). Defendant has moved to dismiss Count III of the indictment contending that Count III does not allege a criminal offense, is merely a sentencing enhancement, and should not be submitted to the jury. Defendant further contends that any issue related to his being on pretrial release in another federal criminal case should be excluded from evidence at the trial in this case pursuant to Fed. R. Evid. 403.

Prior to the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), the United States Court of Appeals for the Eighth Circuit had held that 18 U.S.C. § 3147 "provides for an enhancement of sentence, rather than creating a separate offense that must be separately charged by the grand jury and found by the jury beyond a reasonable doubt." United States v. Feldhacker, 849 F.2d 293, 299 (8th Cir. 1988). See also United States v. Horner, 769 F. App'x 528, 536 (10th Cir. 2019) ("§ 3147 is not a separate crime; it is a self-executing sentence enhancement provision for those defendants convicted of offenses while free on bond pending other judicial proceedings").

>The Supreme Court held in <u>Apprendi</u>:
>
>Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt . . . It is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt."

<u>Apprendi v. New Jersey</u>, 530 U.S. at 490, 120 S. Ct. at 2362–63 (internal quotations and citations omitted). The Supreme Court held in <u>Blakely v. Washington</u>, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537, 159 L. Ed. 2d 403 (2004), "that the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." The Supreme Court reaffirmed <u>Apprendi</u> in <u>United States v. Booker</u>, 543 U.S. 220, 244, 125 S.Ct. 738, 756 (2005) where it stated: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."

The Sentencing Commission sets forth in U.S.S.G. § 3D1.3[1] that "if a statutory sentencing enhancement under 18 U.S.C. § 3147 applies, increase the offense level by 3 levels." Such section effectively implements § 3147 and guides the district court in determining the extent of the consecutive sentence to be applied, and thus the total sentence. <u>United States v. Confredo</u>, 528 F.3d 143, 154 (2d Cir. 2008); U.S.S.G. § 3C1.3 Commentary (Background).

Such a reference in the Guidelines to a criminal statute, identifying conduct that triggers a Guidelines provision without making a conviction a requirement for applying the enhancement, does not violate <u>Apprendi</u> where the district court does not ultimately sentence the defendant above the statutory maximum for the underlying offense(s). <u>United States v. Simpson</u>, 682 F. App'x 299, 303 (5th Cir. 2017). However, if the district

---

[1] The § 3147 enhancement was formerly set forth in U.S.S.G. § 2J1.7, but was moved to Chapter 3 by Amendment 684 (2006).

court finds that the defendant's conduct for the underlying offense warrants a sentence above the statutory maximum and wishes to apply the consecutive sentence under § 3147, Apprendi must be observed.

"Apprendi applies when a § 3147 enhancement takes the total sentence beyond the statutory maximum for the underlying offense(s) of conviction." United States v. Perez, 86 F.4th 1311, 1319 (11th Cir. 2023). Where the § 3147 enhancement is predicated on the fact that defendant committed an offense while he was on pretrial release, failure to submit that to the jury for a finding of that fact beyond a reasonable doubt, Apprendi is violated. United States v. Perez, 86 F.4th at 1319. However, the Apprendi jury fact-finding requirement is not violated where the defendant admits that he committed an offense while on release. United States v. Confredo, 528 F.3d at 156.

It is clear that 18 U.S.C. § 3147 is not a substantive offense but is merely a sentencing enhancement statute. Thus, Count III should not be submitted to the jury for a consideration of guilt. United States v. Lewis, 660 F.3d 189, 195 (3d Cir. 2011) (a conviction under § 3147 cannot stand). Nonetheless, unless the defendant stipulates under oath that he was on pretrial release at the time that the alleged offenses set forth in Counts I and II were allegedly committed by him, the government would be required to submit evidence and the jury would be required to make a finding of fact as to the § 3147 enhancement.

It is not proper to dismiss Count III. That charge was properly submitted to the grand jury as required by Apprendi. Absent a stipulation under oath by the defendant that he was on pretrial release as contemplated by 18 U.S.C. § 3147 on the date of the alleged offenses charged in the indictment, the government would be free to offer evidence to support that fact.

3

**ORDER**

Now, therefore,

IT IS ORDERED that defendant's motion, Doc. 73, to dismiss Count III of the indictment is denied.

DATED this 25th day of July, 2024.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

4